UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN LAYA SALAS,<br><br>          Plaintiff,<br><br>v.<br><br>CANDELARIO; SANTANA; J. SALINAS; S. ROBERTS,<br><br>          Defendants. | Case No.: 3:20-cv-00324-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is the Motion for a Preliminary Injunction filed by Plaintiff Juan Laya Salas. (ECF No. 21).

**PROCEDURAL BACKGROUND**

  On February 20, 2020, Plaintiff Juan Laya Salas, a state prisoner proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983. (ECF. No. 1). On the same day, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis. (ECF. No. 2). On March 18, 2020, Plaintiff filed a Supplemental Compliant and Exhibits. (ECF No. 7). On April 7, 2020, the Court issued an Order granting Plaintiff's Motion to Proceed in Forma Pauperis and dismissing "all claims against Defendants Santana, Salinas, and Roberts for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and §1915A(b)". (ECF No. 8 at 10). The Court further stated, in relevant part,

1

> The Court GRANTS Plaintiff forty-five (45) days leave from the date of this Order in which to either: (1) Notify the Court of the intention to proceed with the claims against Candelario only; or (2) File an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived.

*Id*. at 11 (emphasis omitted).

On April 9, 2020, Plaintiff filed a Supplemental Complaint. (ECF No. 10). On May 18, 2020, Plaintiff filed a Notice of Intent to Proceed with the Claims against Defendant Candelario Only. (ECF No. 11). On May 27, 2020, the Court issued an Order dismissing "all claims against Santana, Salinas, and Roberts for the reasons set forth in the Court's April 7, 2020 Order"; directing "the Clerk to issue a summons as to Plaintiff's Complaint and Supplemental Complaint (ECF Nos. 1, 7) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendant Candelario . . . so that he may serve Defendant Candelario"; and ordering the U.S. Marshal Service "to serve a copy of the Complaint, Supplemental Complaint (ECF Nos. 1, 7) and summons upon Defendant Candelario as directed by Plaintiff on the USM Form 285 provided to him." (ECF No. 12 at 2-3). On May 28, 2020, the Clerk of the Court issued a summons. (ECF No. 13). The record reflects that no proof of service has been filed.

On October 5, 2020, Plaintiff filed a Motion for a Preliminary Injunction. (ECF No. 21).

## PLAINTIFF'S CONTENTIONS

Plaintiff "request[s] for a court's order to stop harassment and for a short period of time as to exhaust administrative remedies in order to ma[k]e an injunction and in order to satisfy the Prison Litigation Reform Act . . . ." (ECF No. 21 at 1). Plaintiff contends "that there has been done an unconstitutional racketing duty during the process of receiving the prisoner's via outside store packages and it could be increase worse off if a court order don't stop such a racket . . . ." *Id*. at 1-2. Plaintiff contends that "the Receiving & Release

Office (R&R) has a policy and or custom of an unconstitutional method without any memorandum been sealed from the administration to do their duty the way they did." *Id.* at 2. Plaintiff asserts that "they open the store coming items box in front of the prisoner and ordered him to put inside of a laundry bag all caming items without let check out first him if anything been charged on the store list is really at there." *Id.* Plaintiff asserts that "as a result after a while, when the prisoner found out that some items that has been charged in the store list is missed in the laundry bag it would come too late to complaint about it they always would say 'you signed it you got it and get off my face!'" *Id.* Plaintiff contends that "when a particular targeted prisoner is on the scope they used promptly this unusual and illegal tactic as to harass him but if in any case the targeted prisoner signed a refusal then, later on they just would be put it back in the box all missed items retaped it and returned to the store." *Id.* Plaintiff asserts that "in the present action, there were not any verifying refusal signature but there were the missed charged items in the laundry bag of Plaintiff's of $16.70 which is appealing right now through via of A (CDCR 602)." *Id.*

Plaintiff "is asking the Court for an order to stop all type of harassment and for a short period of time until the exhaust of administrative remedies available has been done and to invoke injunction due process reprisals for been exercising a complaint of the case no, 3:20-cv-0324-WQH-AHG." *Id.* at 2-3. Plaintiff "is needing of an order of harassment protection while the Court is considering this complaint docket number above, the racketing acts explained also above, whether Plaintiff's has it suffer injury once is likely going to suffering it again soon or twice and much more worse off everytime he gets store pockets because he would be exposed to it and to so many type of harassments that will be in their hands . . . ." *Id.* at 3.

## DISCUSSION

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only

upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). Federal Rule of Civil Procedure 65(d)(2) states that an injunction "binds only the following who receive actual notice of it by personal service or otherwise:" "the parties;" "the parties' officers, agents, servants, employees, and attorneys; and" "other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Fed. R. Civ. P. 65(d)(2)(A)-(C). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916) ("It also was erroneous to include personal relief by injunction against certain named parties who . . . were not served with process and did not appear, they being included upon the ground that they were 'before the court by representation through service having been had upon their said predecessors in office.'"); *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("The district court must, therefore, tailor the injunction to affect only those persons over which it has power.").

Substantively, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Court of Appeals has "also articulated an alternate formulation of the *Winter* test, under which serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

In this case, no proof of service has been filed as to Plaintiff's Complaint (ECF No. 1), Plaintiff's Supplemental Complaint (ECF No. 7), and the summons upon Defendant Candelario. Defendant Candelario, the only remaining defendant, has no actual notice of

Plaintiff's Complaints (ECF Nos. 1, 7) or his Motion for a Preliminary Injunction (ECF No. 21). Therefore, the Court cannot grant Plaintiff's request for injunctive relief because it has no personal jurisdiction over any Defendant at this time. *See Murphy Bros., Inc.*, 526 U.S. at 350; Fed. R. Civ. P. 65(d)(2). A district court has no authority to grant relief in the form of a temporary restraining order or permanent injunction where it has no jurisdiction over the parties. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (alteration in original) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district ... court, without which the court is powerless to proceed to an adjudication.").

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for a Preliminary Injunction filed by Plaintiff Juan Laya Salas (ECF No. 21) is DENIED.

Dated: October 13, 2020

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court